# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANTARSHA SKANES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-19-0003-F |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Trans Union, LLC's motion to dismiss, converted in part to a motion for summary judgment, is before the court. Doc. no. 21. Plaintiff filed a response brief (doc. no. 28), and defendant filed a reply brief. Doc. no. 30. Following the court's conversion of a portion of the motion to ensure that it could consider certain documents (doc. no. 33), Trans Union submitted a supplemental brief. Doc. no. 34.

The converted portion of the motion is Trans Union's argument that it was not inaccurate, as a matter of law, for reports prepared by Trans Union to fail to note an allegedly errant tradeline[1] as "discharged in bankruptcy." This order addresses only the converted portion of the motion. For the reasons stated below, the court finds in favor of Trans Union on that issue.

---

[1] A credit report tradeline is an industry term used to describe a record of activity for any type of credit extended to a borrower and reported to a credit reporting agency. Bevly v. Equifax Information Services, LLC, 2019 WL 1434722, *1, n.2 (E.D. Mo. April 1, 2019).

## Standards

The converted portion of the motion is evaluated under the standards of Rule 56, Fed. R. Civ. P. Under that rule, summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).

## The Nature of the Claims

Trans Union concedes it is a consumer reporting agency as defined by the Fair Credit Reporting Act (FCRA). Doc. no. 21, p. 12.

The complaint alleges that in that capacity, Trans Union prepared, published and otherwise reproduced consumer reports regarding the plaintiff, and that such reports contained information about the plaintiff which was false, misleading and inaccurate. The sole inaccuracy identified in the complaint with respect to Trans Union's reporting is that plaintiff's credit file at Trans Union included what the complaint refers to as "Errant Tradelines reporting without the correct notation of bankruptcy discharged." The tradeline in question relates to an account plaintiff had

with First Premier Bank (First Premier). Per Trans Union's moving brief, this was a credit card account which plaintiff maintained with First Premier.[2]

The complaint alleges that plaintiff submitted a letter to Trans Union disputing the purportedly errant tradeline, explaining in her letter that the errant tradeline was discharged in her bankruptcy and asking Trans Union to report the tradeline as "discharged in bankruptcy." The complaint alleges that plaintiff then received Trans Union's investigation results, which showed that Trans Union failed or refused to report the tradeline with what plaintiff contends would be the correct notation, *i.e.* "bankruptcy discharged."

Based on these allegations, the complaint brings claims against Trans Union for negligent and willful violations of the FCRA, specifically, for violations of 15 U.S.C. § 1681e(b)[3] and § 1681i.[4] Under §1681e(b), plaintiff claims Trans Union failed to maintain or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to plaintiff. Under § 1681i, plaintiff claims that following her dispute of the First Premier tradeline, Trans Union failed to conduct a reasonable reinvestigation. The

---

[2] Plaintiff has not disputed that it was a credit card account.

[3] Section 1681e(b) provides that:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C.A. § 1681e.

[4] Section 1681i provides that:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency … the agency shall … conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate….

15 U.S.C. § 1681i(a)(1)(A).

complaint alleges that as a direct cause of these failures, plaintiff suffered various damages.

## Documents

Undisputed documents attached to Trans Union's motion include plaintiff's bankruptcy petition and the discharge order entered in that bankruptcy.

In addition, a declaration submitted by Trans Union identifies documents in plaintiff's credit file at Trans Union. These undisputed documents show the First Premier account reporting with the following information: "Pay Status: Account Included in Bankruptcy" and "Date Closed: 03/14/2016." No balance or past due amount is indicated with respect to the First Premier account. The "Remarks" section pertaining to this account notes: "Chapter 7 Bankruptcy." Plaintiff contends that the tradeline regarding the First Premier account should be reported by Trans Union with the words "bankruptcy discharged" (or words to that effect) rather than with the phrase which now appears, "Account Included in Bankruptcy." The fact that a bankruptcy discharge occurred is reflected in the "Public Records" section of plaintiff's Trans Union credit file, which states: "Chapter 7 Bankruptcy Discharged."

## Discussion

The existence of a factual inaccuracy is an essential element of plaintiff's claims under § 1681e(b) and § 1681i. One of the elements which a plaintiff must prove to prevail in a private civil action under § 1681e(b) is that "the report in question was, in fact, inaccurate." Cassara v. DAC Services, Inc., 276 F.3d 1210, 1217 (10th Cir. 2002). A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect on the consumer. Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001). To prevail on a § 1681(a) claim, a plaintiff must prove essentially the same elements that are required for a § 1681e(b) claim and must also

prove that he informed the credit reporting agency about the inaccuracy. Wright v. Experian Information Solutions, Inc., 805 F.3d 1232, 1242 (10th Cir. 2015).

Trans Union argues that plaintiff's claims are not viable because the sole alleged inaccuracy -- Trans Union's failure to note that the debt owed to First Premier was discharged in bankruptcy -- is not an inaccuracy, as a matter of law. In support, Trans Union points out that its reporting of the First Premier tradeline shows the First Premier account as "included in bankruptcy" and "closed," and shows no balance or past due amount. Trans Union also argues that the "Public Records" section of plaintiff's file shows plaintiff's bankruptcy and states: "Chapter 7 Bankruptcy Discharged." Based on these documents, Trans Union contends that its reporting is correct and that there is no requirement to report the First Premier account as "discharged in bankruptcy." Trans Union cites a number of courts which have determined that purported inaccuracies like (or very similar to) the type alleged in this action do not support a claim under the FCRA.[5]

In response, plaintiff relies on an order entered in Bevly v. Equifax Information Services, Inc., 2019 WL 1434722 (E.D. Mo. April 1, 2019). Bevly involved allegations virtually identical to the allegations in the instant case. Data

---

[5] See, e.g., Blanch v. Trans Union, LLC, 333 F. Supp. 3d 789 (M.D. Tenn. 2018) (motion to dismiss granted; "there was nothing false or 'inaccurate' about Macy's or Citibank reporting Blanch's accounts as included in her bankruptcy, closed, and with a zero balance" at 793-94); Fleming v. Trans Union, LLC, CIV-18-9785, order of March 8, 2019, filed of record at doc. no. 66 in that case (motion to dismiss granted on similar facts); Hupfauer v Citibank, 2016 WL 4506798 (N.D. Ill. August 19, 2016) (plaintiff alleged Experian credit report did not reflect the discharged status of a Citi mortgage because it listed a monthly payment on the Citi account following her discharge, and because it designated the mortgage as in foreclosure without reflecting the discharge, at *1; court held that Experian's blanket acknowledgment of plaintiff's bankruptcy, when coupled with its report that no balance or payments were due on the Citi account, was sufficient under the FCRA, at *7; motion to dismiss granted); Johnson v. Equifax, Inc., 510 F.Supp.2d 638, 646 (S.D. Ala. 2007) (at summary judgment stage court found "Trans Union's reporting of the MBNA account with the 'included in bankruptcy' comment was accurate," where plaintiff claimed the account was included in her ex-husband's bankruptcy).

5

furnisher RAC Acceptance East, LLC (RAC) moved to dismiss, arguing that the claims were so conclusory that RAC could not discern the improper conduct in question and could not meaningfully contest it. *Id*. The court held the complaint provided sufficient detail to give notice to RAC about the nature of the dispute, and the court denied the motion to dismiss on that ground. *Id*. at 3. Thus, the order did not reach the central legal question and turned, instead, on whether sufficient facts were alleged to give RAC notice of plaintiff's claims. For that reason, the Bevly order is no help to plaintiff here.

Bevly aside, plaintiff argues that the phrase "included in bankruptcy," which appears in the allegedly errant tradeline, is ambiguous and could suggest that the bankruptcy is still pending or that the First Premier debt was not discharged. But Trans Union's reporting of the First Premier account shows that account as "closed," and no balance is reported as owing or past due. These facts mitigate the risk of confusion about the status of the account, as does the fact that the bankruptcy is shown in the "Public Records" section of plaintiff's credit report as "discharged." Plaintiff argues that the fact that the bankruptcy resulted in a discharge does not necessarily mean each account was discharged, as some accounts may not have been dischargeable or may have been reaffirmed. The court finds, however, that there is virtually no risk of confusion about the status of the First Premier account given that the First Premier tradeline references the bankruptcy and shows the account as "closed" with no amount owing. *See*, Smith v. Trans Union LLC, CIV-18-13098 (E.D. Mich.) (May 10, 2019 order at p. 10, granting motion for judgment on the pleadings on virtually identical facts; reasoning that the account would have reported a past due balance if it had not been discharged in the bankruptcy or if it had been reaffirmed in bankruptcy); Butler v. Equifax Information Services, LLC, et al., CIV-18-2084 (C.D. Calif.) (April 3, 2019 order at p. 3, rejecting, on virtually identical

facts, the same arguments plaintiff makes here regarding risk of confusion, and observing that "Every Court to consider this issue directly has concluded the same").

There is no inaccuracy due to Trans Union's failure to include the phrase "bankruptcy discharged" or "discharged in bankruptcy" within the First Premier tradeline. Accordingly, plaintiff's file at Trans Union is not false, inaccurate or misleading, and plaintiff's claims against Trans Union necessarily fail.[6]

## Conclusion

The portion of Defendant Trans Union, LLC's motion to dismiss that was converted to a motion for summary judgment is **GRANTED**. Summary judgment is entered in favor of Trans Union, LLC. Counts VII and VIII are summarily adjudicated in favor of Trans Union, LLC.

IT IS SO ORDERED this 5th day of June, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0003p005 rev.docx

---

[6] This ruling makes it unnecessary to address the other grounds for dismissal which were urged by Trans Union under Rule 12(b)(6) (the portion of the motion that was not converted). Plaintiff's request for leave to amend in the event the court finds plaintiff has failed to plead sufficient facts (doc. no. 28, p. 13) is denied as moot and is also denied because amendment would be futile.