**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

SANTARSHA SKANES,

Plaintiff,

Civil Action No.: 5:19-cv-00003-F

v.

EQUIFAX INFORMATION SERVICES LLC,
et al.

Defendant.

---

# DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Arthur F Hoge, III
Maris A Skinner
MEE HOGE PLLP
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118
405-848-9100
Fax: 405-848-9101
Email: mskinner@meehoge.com
Email: afhoge@meehoge.com

Tameika L Montgomery
KING & SPALDING
1180 Peachtree St NE
Atlanta, GA 30309
404-572-4600
Email: tmontgomery@kslaw.com

*Counsel for Defendant Equifax Information Services LLC*

## TABLE OF CONTENTS

**INTRODUCTION ..... 1**

**STATEMENT OF UNDISPUTED MATERIAL FACTS ..... 2**

**STANDARD OF REVIEW ..... 4**

**THE NATURE OF THE CLAIMS ..... 4**

**ARGUMENT ..... 6**

I. EQUIFAX IS ENTITLED TO SUMMARY JUDGMENT ON MS. SKANES' CLAIM THAT EQUIFAX NEGLIGENTLY VIOLATED THE FCRA. ..... 6

A. Ms. Skanes' §§ 1681e(b) and 1681i Claims Fail as a Matter of Law Due to Equifax's Adherence to the *White* Approval Order. ..... 6

B. Ms. Skanes' §§ 1681e(b) and 1681i Claims Also Fail as a Matter of Law Because Ms. Skanes Cannot Adduce Evidence that an Inaccuracy Existed. ..... 9

II. EQUIFAX IS ENTITLED TO SUMMARY JUDGMENT ON MS. SKANES' CLAIM THAT EQUIFAX WILLFULLY VIOLATED THE FCRA. ..... 13

**CONCLUSION ..... 14**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adickes v. S.H. Kress & Co.*,
398 U.S. 144 (1970) .......... 4

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .......... 4

*Blanch v. Trans Union, LLC*,
No. 3:17-cv- 01494, 2018 WL 4561248 (M.D. Tenn. Sept. 24, 2018) .......... 12

*Bradford v. Apollo Education Group Inc.*,
Case No. 3:18-cv-2257-N, Doc. No. 37 (N.D. Tex. July 23, 2019) .......... 11

*Butler v. Equifax Info. Servs., LLC*,
No. EDCV182084JGBSHKX, 2019 WL 2498939 (C.D. Cal. Apr. 3, 2019) .......... 12

*Cassara v. DAC Servs., Inc.*,
276 F.3d 1210 (10th Cir. 2002) .......... 5

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......... 4

*DeAndrade v. Trans Union LLC*,
523 F.3d 61 (1st Cir. 2008) .......... 9

*Dickens v. Trans Union Corp.*,
18 F. App'x 315 (6th Cir. 2001) .......... 13

*First Nat'l Bank of Ariz. v. Cities Serv. Co.*,
391 U.S. 253 (1968) .......... 2

*Fleming v. Trans Union, LLC*,
No. CV 18-9785 PA, 2019 WL 2498940 (C.D. Cal. Mar. 8, 2019) .......... 12

*Gagnon v. JPMorgan Chase Bank, N.A.*,
563 B.R. 835 (N.D. Ill. 2017) .......... 11

*Giacalone v. Experian PLC*,
No. 12 C 1192, 2013 WL 3199982 (N.D. Ill. June 24, 2013) .......... 12

*Johnson v. Equifax, Inc.*,
510 F. Supp. 2d 638 (S.D. Ala. 2007) .......... 12

*Llewellyn v. Allstate Home Loans, Inc.*,
711 F.3d 1173 (10th Cir. 2013) .......... 6

*Murphy v. Midland Credit Management, Inc.*,
456 F. Supp. 2d 1082 (E.D. Mo. 2006)....................9

*Neabors v. Equifax Info. Servs. LLC*,
No. 3:18-CV-0454-BEN-KSC, 2019 WL 3208805 (S.D. Cal. July 16, 2019) ....................11

*Posey v. Skyline Corp.*,
702 F.2d 102 (7th Cir. 1983) ....................4

*Richardson v. Equifax Info. Servs, LLC*,
Case No. 1:18-cv-861, Doc. No. 47 (E.D. Mich. July 19, 2019) ....................11

*Safeco Ins. Co. of Am. v. Burr*,
551 U.S. 47 (2007)....................6, 13, 14

*Skanes v. Equifax Info. Servs., LLC*,
No. CIV-19-0003-F, 2019 WL 2372624 (W.D. Okla. June 5, 2019)....................4, 10

*Smith v. Trans Union LLC*,
No. 18-CV-13098, 2019 WL 2074594 (E.D. Mich. May 10, 2019) ....................12

*United States v. Agri Services, Inc.*,
81 F.3d 1002 (10th Cir. 1996) ....................4

*Whelan v. Trans union Credit Reporting Agency*,
862 F. Supp. 824 (E.D.N.Y. 1994) ....................9

*White v. Experian Info. Solutions, Inc.*,
803 F. Supp. 2d 1086 (C.D. Cal. 2011), *reversed and remanded on other grounds, sub nom Radcliffe v. Experian Info. Solutions Inc*., 715 F.3d 1157 (9th Cir. 2013)....................*passim*

*White v. Experian Info. Solutions, Inc.*,
No. 8:05-CV-01070, 2018 WL 1989514 (C.D. Cal. April 6, 2018)....................7

*Wright v. Experian Info. Sols., Inc.*,
805 F.3d 1232 (10th Cir. 2015) ....................5, 9

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x....................*passim*

15 U.S.C. § 1681e(b)....................*passim*

15 U.S.C. § 1681i(a)....................*passim*

15 U.S.C. § 1681n ....................5, 13

**Other Authorities**

Federal Rule of Civil Procedure 56....................1, 4

Local Civil Rule 56.1....................1

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Defendant Equifax Information Services LLC ("Equifax") hereby moves for summary judgment on Plaintiff Santarsha Skanes' claims against it. Equifax is entitled to summary judgment because Ms. Skanes cannot establish all elements of her claims, there is no genuine dispute as to any material fact, and Equifax is entitled to judgment as a matter of law.

In support of this motion, Equifax submits this Brief in Support, the declaration of its employee, Shetonjela Barber, and all pleadings and other documents of record in this case. For the reasons stated below, Equifax requests that its Motion be granted.

## INTRODUCTION

This is a case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. In her Complaint, Plaintiff Santarsha Skanes alleges that Equifax violated the FCRA, in that information furnished by Credit Acceptance and First Premier (collectively, the "Two Accounts") and allegedly reported by Equifax, was inaccurate. (Doc. No. 1, ¶¶ 1-3). Ms. Skanes alleges that she filed for Chapter 7 bankruptcy and received an Order of Discharge, but that the Two Accounts were not reporting on her Equifax credit file "as discharged." (*Id.*, ¶¶ 4-6).

Ms. Skanes alleges that Equifax willfully and negligently violated two sections of the FCRA. (*Id.*, ¶¶ 36-49). First, Ms. Skanes alleges that Equifax violated § 1681e(b) by failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information concerning the Two Accounts it reported in her consumer reports to one or more third parties. (*Id.*, ¶¶ 39, 46). Second, Ms. Skanes alleges that

Equifax violated § 1681i by failing to conduct a reasonable reinvestigation of the Two Accounts in her credit file after receiving her August 28, 2018 letter disputing the Two Accounts. (*Id.*, ¶¶ 7-9, 40, 47).

The undisputed material facts establish that Equifax is entitled to judgment as a matter of law for two reasons. *First*, Equifax reported the Two Accounts in compliance with *White v. Experian Info. Sols., Inc.*, 8:05-cv-01070-DOC-MLG, Doc. No. 338 (C.D. Cal. Aug. 19, 2008). *Second*, Ms. Skanes has failed to prove that the information issued in any consumer report concerning her was inaccurate. The Two Accounts were and are accurately reporting as included in Ms. Skanes' bankruptcy with a $0 balance and $0 past due. Accordingly, and as further discussed below, the Court should grant Equifax's Motion.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The following enumerated facts ("SUMF") present no genuine issues for trial.

On or about September 2, 2018, Equifax received a letter dated August 28, 2018, signed with permission purportedly from Ms. Skanes. (Declaration of Shetonjela Barber ("Barber Decl."), attached as Exhibit 1, ¶ 8).

1. In the letter, Ms. Skanes stated:

> Dear Equifax:
>
> Based on the research I conducted online, you are reporting inaccurate information on my credit report. I work hard to maintain my credit and would like my credit report to accurately reflect my credit worthiness. Please review the below accounts:
>
> ► *Credit Acceptance Co, Opened Date: April 2016;*
> ► *First Premier, Opened Date: May 2015*

> The above accounts are not reporting as discharged in bankruptcy; however, these accounts were discharged in bankruptcy. See my attached Bankruptcy History confirming the same. Please report the accounts as discharged in bankruptcy.
>
> Per the FCRA, you have 30 days or less to investigate my dispute. Please investigate my dispute and correct the inaccurate information. I would like the dispute results to be mailed to my address, which is listed above. My credit is a serious matter and I value my credit greatly.

(*Id.*, ¶ 9).

2. A true and correct copy of Ms. Skanes' letter and attachment are attached to the Barber Declaration as Exhibit 2. (*Id.*, ¶ 10).

3. At the time of this dispute, her Equifax credit file showed: (1) the Credit Acceptance and First Premier accounts were reporting in her Equifax credit file with a $0 Balance, $0 Amount Past Due, $0 Actual Payment Amount, $0 Scheduled Payment Amount, and "Account Included in Bankruptcy;" and (2) Ms. Skanes had filed for Chapter 7 bankruptcy on September 26, 2016 and received a Chapter 7 bankruptcy discharge on January 4, 2017. (*Id.*, ¶ 11).

4. After Equifax conducted its reinvestigation resulting from the dispute letter, her Equifax credit file showed: (1) the Credit Acceptance and First Premier accounts were reporting in her Equifax credit file with a $0 Balance, $0 Amount Past Due, $0 Actual Payment Amount, $0 Scheduled Payment Amount, and "Account Included in Bankruptcy;" and (2) Ms. Skanes had filed for Chapter 7 bankruptcy on September 26, 2016 and received a Chapter 7 bankruptcy discharge on January 4, 2017. (*Id.*, ¶ 12).

5. On September 6, 2018, Equifax mailed its letter containing its reinvestigation results to Ms. Skanes. (*Id.*, ¶ 13).

6. A true and correct copy of the letter containing Equifax's reinvestigation results is attached to the Barber Declaration as Exhibit 3.

## STANDARD OF REVIEW

Under Rule 56, Fed. R. Civ. P., summary judgment shall be granted if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Skanes v. Equifax Info. Servs., LLC*, No. CIV-19-0003-F, 2019 WL 2372624, at *1 (W.D. Okla. June 5, 2019). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. *United States v. Agri Services, Inc.*, 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983).

## THE NATURE OF THE CLAIMS

Ms. Skanes brings claims under two provisions of the FCRA: (1) the reasonable procedures provision (15 U.S.C. § 1681e(b)), and (2) the reinvestigation provision (15

U.S.C. § 1681i(a)). Ms. Skanes contends that Equifax negligently and willfully violated these provisions.

To establish a claim for negligent noncompliance with § 1681e(b), Ms. Skanes must establish four elements: (1) Equifax failed to follow reasonable procedures to assure the accuracy of its reports about her; (2) Equifax prepared a consumer report about her that was inaccurate; (3) she suffered actual damages; and (4) her damages were caused by Equifax's failure to follow reasonable procedures in preparing consumer reports about her. *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015) (citing *Eller v. Trans Union, LLC,* 739 F.3d 467, 473 (10th Cir. 2013)); *see also Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002).

To establish a claim for negligent noncompliance with § 1681i(a), Ms. Skanes must prove five elements: (1) Equifax failed to follow reasonable procedures in reinvestigating Ms. Skanes' dispute concerning her report; (2) her report was inaccurate; (3) she suffered actual damages; (4) her damages were caused by Equifax's failure to follow reasonable procedures in investigating her dispute; and (5) she informed Equifax about the inaccuracy. *Wright*, 805 F.3d at 1242 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997), and *Cortez v. Trans Union, LLC*, 617 F.3d 688, 712–13 (3d Cir. 2010)).

Finally, Ms. Skanes alleges that Equifax willfully violated the FCRA. The FCRA permits an award of statutory and punitive damages only if a consumer reporting agency "willfully fails to comply with any requirement" imposed by the Act. 15 U.S.C. § 1681n(a)(2). "A willful violation is either an intentional violation or a violation

committed by [a CRA] in reckless disregard of its duties under the FCRA." *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1183–84 (10th Cir. 2013) (internal quotation marks omitted). "Recklessness is measured by an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." (internal quotation marks omitted) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007)). "[A] company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 551 U.S. at 69 (alterations in original). As discussed below, Ms. Skanes cannot satisfy these elements, and, therefore, Equifax is entitled to summary judgment.

## ARGUMENT

### I. EQUIFAX IS ENTITLED TO SUMMARY JUDGMENT ON MS. SKANES' CLAIM THAT EQUIFAX NEGLIGENTLY VIOLATED THE FCRA.

#### A. Ms. Skanes' §§ 1681e(b) and 1681i Claims Fail as a Matter of Law Due to Equifax's Adherence to the *White* Approval Order.

Equifax (like the other nationwide CRAs) employs court-approved reporting and reinvestigation procedures with respect to Chapter 7 bankruptcies based on an August 2008 nationwide injunctive relief settlement in *White v. Experian Info. Sols., Inc.*, 8:05-cv-01070-DOC-MLG, Doc. No. 338 (C.D. Cal. Aug. 19, 2008) (hereinafter "*White*," attached as Exhibit 4).[1]

[1] The *White* litigation has endured a lengthy procedural history; however, the injunctive relief settlement concerning the reporting and reinvestigation procedures approved by the

The plaintiffs in *White*, like Ms. Skanes here, brought claims for, *inter alia*, (i) willful and/or negligent violation of § 1681e(b) of the FCRA, for failure to maintain reasonable procedures to assure maximum possible accuracy; and (ii) willful and/or negligent violation of § 1681i of the FCRA, for failure to reasonably investigate Consumer disputes regarding the status of the discharged accounts. *White*, Doc. No. 338, 3:1-8. As a result of the lawsuit, Equifax, along with CRAs Experian Information Solutions, Inc. and Trans Union, LLC, agreed to "incorporate[e] new procedures that make use of assumptions regarding the likely discharged status of certain pre-bankruptcy tradelines and civil judgments, and these procedures and assumptions are crafted so as to reduce the potential harm to consumers from their adoption." *Id*. at 5:11-15.

Under the *White* Approval Order, once Equifax registers that a consumer has received a discharge under Chapter 7, it assumes that certain pre-bankruptcy debts were discharged unless it learns otherwise—through the consumer, its own investigation, or through a "furnisher" of information (typically the creditor). *See White*, Doc. No. 338

---

court in the underlying case remains intact. *See, e.g.*, *White v. Experian Info. Solutions, Inc.*, 803 F. Supp. 2d 1086 (C.D. Cal. 2011) (granting motion to approve settlement for damages), *reversed and remanded on other grounds*, *sub nom Radcliffe v. Experian Info. Solutions Inc*., 715 F.3d 1157 (9th Cir. 2013) (noting: "In April 2008, the parties reached a settlement for injunctive relief, which the district court approved in August 2008. As part of that settlement, Defendants agreed to implement procedures that would presume the discharge of certain pre-bankruptcy debts. No appellant challenges this settlement."); *White v. Experian Info. Sols., Inc.*, No. 8:05-CV-01070, 2018 WL 1989514, at *16 (C.D. Cal. Apr. 6, 2018) ("The Injunctive Relief Settlement was entered into in April 2008 and approved in August 2008, before the conflict later identified by the Ninth Circuit arose. The Injunctive Relief Settlement was not challenged on appeal…the Injunctive Relief Settlement included specific requirements that Defendants implement highly detailed practice changes, which changed the CRAs' default treatment of debts discharged in bankruptcy to ensure accurate reporting and prevent consumer harm.")

§§ 3.2, 3.4. Such "Agreed Bankruptcy Coding," as explained in *White* and relevant to Ms. Skanes' Complaint here, means that for tradelines, they shall be coded

> to indicate that the account is discharged in the Consumer's Chapter 7 bankruptcy (e.g., by use of the terminology '*included in bankruptcy*') and shall update the tradeline … to reflect a zero-dollar or blank account balance and past due balance as to the Consumer who received the bankruptcy discharge, so as to indicate that no debt is due or owing by the Consumer after the discharge date.

*White*, Doc. No. 338 § 2.2b. (emphasis added).

The *White* court "conclusively deemed" these Chapter 7 reporting and reinvestigation procedures "to comply with the FCRA, as well as with all FCRA State Equivalents," and it expressly prohibited "all future litigation or attempted litigation under the FCRA or FCRA State Equivalents regarding the reasonableness" of those procedures, including but not limited to §§ 1681e(b) and 1681i, "absent a fundamental change in circumstance." *White*, Doc. No. 338 §§ 5.4-5.6. The court also retained jurisdiction "to resolve any future disputes arising out of the terms and conditions of the Settlement, and to effectuate the Settlement." *Id.* § 9.5.

Here, each of the Two Accounts was reporting in her Equifax credit file with a $0 Balance, $0 Amount Past Due, $0 Actual Payment Amount, $0 Scheduled Payment Amount, and "Account Included in Bankruptcy." (SUMF, ¶¶ 3-4). This is precisely the reporting that the *White* court approved, and conclusively deemed to comply with the FCRA sections Ms. Skanes here alleges Equifax supposedly violated.

Because it is apparent from the face of the Complaint that Equifax's reporting was in full compliance with the *White* Approval Order, Ms. Skanes' §§ 1681e(b) and 1681i

claims are due to be dismissed. Since Ms. Skanes contends that Equifax lacks reasonable procedures for reporting debts discharged in Chapter 7 bankruptcy, her claims are expressly barred by *White*. *White*, Doc. No. 338 §§ 5.4-5.6. Alternatively, if Ms. Skanes claims Equifax has failed to comply with *White*, the *White* court has exclusive jurisdiction to resolve that claim. *Id.* § 9.5.

**B. Ms. Skanes' §§ 1681e(b) and 1681i Claims Also Fail as a Matter of Law Because Ms. Skanes Cannot Adduce Evidence that an Inaccuracy Existed.**

Both sections of the FCRA at issue in this litigation require Ms. Skanes to prove that the Two Accounts are inaccurately reporting as a threshold element in order to establish liability. A consumer cannot maintain a claim under §§ 1681e(b) or 1681i(a) without establishing that the consumer reports he challenges were inaccurate. *See Wright*, 805 F.3d at 1239 (citing *Eller*, 739 F.3d at 473). If the plaintiff "fails this initial burden . . . a court need not inquire further" and the defendant credit reporting agency is entitled to summary judgment. *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66-68 (1st Cir. 2008). "Accurate reporting by a credit reporting agency is a complete defense to both a section 1681e(b) and 1681i(a) claim." *Murphy v. Midland Credit Management, Inc.*, 456 F. Supp. 2d 1082, 1089 (E.D. Mo. 2006). The '"threshold question' is whether the challenged credit information is accurate; if the information is accurate, 'no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary.'" *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824 (E.D.N.Y. 1994) (quoting *Houston v. TRW Info. Servs.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989)). As this Court stated earlier when dismissing Defendant Trans Union, LLC on the same issue:

> The existence of a factual inaccuracy is an essential element of plaintiff's claims under § 1681e(b) and § 1681i. One of the elements which a plaintiff must prove to prevail in a private civil action under § 1681e(b) is that "the report in question was, in fact, inaccurate." *Cassara v. DAC Services, Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect on the consumer. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). To prevail on a § 1681(a) claim, a plaintiff must prove essentially the same elements that are required for a § 1681e(b) claim and must also prove that he informed the credit reporting agency about the inaccuracy. *Wright v. Experian Information Solutions, Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015).

*Skanes v. Equifax Info. Servs., LLC*, No. CIV-19-0003-F, 2019 WL 2372624, at *2 (W.D. Okla. June 5, 2019).

Under these facts, however, Ms. Skanes cannot show an inaccuracy existed on her credit file. At all relevant times, Ms. Skanes' Equifax credit file showed: (1) the Two Accounts were reporting in her Equifax credit file with a $0 Balance, $0 Amount Past Due, $0 Actual Payment Amount, $0 Scheduled Payment Amount, and "Account Included in Bankruptcy;" and (2) the fact that Ms. Skanes had filed for Chapter 7 bankruptcy and received a Chapter 7 bankruptcy discharge (SUMF, ¶¶ 3-4). A creditor could not conceivably be misled into believing that Ms. Skanes owed any obligation on the Two Accounts whatsoever. Moreover, the *White* Approval Order expressly approved the terminology "included in bankruptcy," along with a zero-dollar or blank account balance and past due balance, to denote a tradeline's inclusion in a consumer's discharged Chapter 7 bankruptcy proceeding. *See White*, Doc. No. 338 § 2.2b. As Ms. Skanes' credit files indicate the Two Accounts were reporting as "Included in Bankruptcy" with blank balance and past due amounts, and the bankruptcy discharge itself was reporting on Ms. Skanes'

file, this reporting is accurate, and Ms. Skanes' FCRA claims fail as a matter of law. As the court stated in *Gagnon*:

> Although not dispositive, the Court notes that this part of Experian's report is consistent with guidance from the Federal Trade Commission, which advises that "[a] consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance to reflect the fact that the consumer is no longer liable for the discharged debt." Federal Trade Commission, *40 Years of Experience with the Fair Credit Reporting Act, an FTC Report with Summary of Interpretations* (July 2011), at 68, *available at* https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf.

563 B.R. at 850. It is not plausible that even an unsophisticated consumer would be misled into thinking any amounts were due given the credit file's unambiguous statement that the Two Accounts were "Included in Bankruptcy" and had a $0 balance, and the bankruptcy discharge itself was reporting. *See id.*

Many courts have found that "Included in Bankruptcy" is accurate and not misleading as a matter of law. *See, e.g., Bradford v. Apollo Education Group Inc.*, Case No. 3:18-cv-2257-N, Doc. No. 37 at 2 (N.D. Tex. July 23, 2019) ("The label may be imprecise, but no conceivable creditor could be misled into believing that Bradford owed any obligation to the University of Phoenix. Federal courts around the country presented with the same facts have reached the same conclusion.")[2]; *Richardson v. Equifax Info. Servs, LLC*, Case No. 1:18-cv-861, Doc. No. 47 (E.D. Mich. July 19, 2019)[3]; *Neabors v. Equifax Info. Servs. LLC*, No. 3:18-

[2] Attached as Exhibit 5 hereto.
[3] Attached as Exhibit 6 hereto.

CV-0454-BEN-KSC, 2019 WL 3208805, at *2 (S.D. Cal. July 16, 2019) ("Equifax's designation of "Included in Bankruptcy" coupled with . . . other fields reflects factually accurate information" and is neither false nor misleading); *Smith v. Trans Union LLC*, No. 18-CV-13098, 2019 WL 2074594, at *1 (E.D. Mich. May 10, 2019) (granting motion to dismiss FCRA claims "[b]ecause there is no meaningful distinction between 'included in bankruptcy' and 'discharged in bankruptcy'"); *Butler v. Equifax Info. Servs., LLC*, No. EDCV182084JGBSHKX, 2019 WL 2498939, at *2 (C.D. Cal. Apr. 3, 2019) ("There is no meaningful difference between the phrases 'included in bankruptcy' and the phrase 'discharged in bankruptcy' and therefore no likelihood that the use of the phrase 'included in bankruptcy' will be misinterpreted to the detriment of Plaintiff. Every Court to consider this issue directly has concluded the same."); *Fleming v. Trans Union, LLC*, No. CV 18-9785 PA (PALX), 2019 WL 2498940, at *3 (C.D. Cal. Mar. 8, 2019) (holding that "included in bankruptcy" is sufficient and not a factual inaccuracy or misleading); *Blanch v. Trans Union, LLC*, No. 3:17-cv- 01494, 2018 WL 4561248, at *4 (M.D. Tenn. Sept. 24, 2018) (granting motion to dismiss because status of "included in bankruptcy" was *not* inaccurate, and therefore plaintiff failed to state a plausible FCRA claim as a matter of law); *Giacalone v. Experian PLC*, No. 12 C 1192, 2013 WL 3199982 at *1 (N.D. Ill. June 24, 2013) (noting that "consumer disclosures should have reflected that his debts had been discharged pursuant to the bankruptcy with the line 'debt *included in bankruptcy*,'" because he had filed for Chapter 7 and had received a discharge (emphasis added)); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 646 (S.D. Ala. 2007) (concluding that an "included in bankruptcy" notation on the plaintiff's

account was not misleading and was accurate); *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001) (credit reporting agency accurately reported an account discharged by bankruptcy as "included in bankruptcy," even though it was not the plaintiff's bankruptcy). Accordingly, Equifax is entitled to summary judgment in its favor.

**II. EQUIFAX IS ENTITLED TO SUMMARY JUDGMENT ON MS. SKANES' CLAIM THAT EQUIFAX WILLFULLY VIOLATED THE FCRA.**

Ms. Skanes alleges that Equifax willfully violated the FCRA and she seeks punitive damages under § 1681n of the FCRA. (Doc. No. 1, ¶¶ 43-49). In *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007), the Supreme Court of the United States considered the meaning of the word "willfully" in this context and concluded that the term is broad enough to include both intentional and reckless violations of the law. The Court noted that "the term recklessness is not self-defining," but that, in the civil context, it is "generally understood . . . as conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). The *Safeco* Court explained:

> Thus, a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company *ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless*.

*Id.* at 69 (emphasis added). Thus, to establish a willful violation of the FCRA, Ms. Skanes must demonstrate that Equifax engaged in conduct that ran a risk of violating the FCRA substantially greater than mere carelessness. Although some courts have stated that

willfulness must generally be determined by a jury, the Supreme Court demonstrated otherwise in *Safeco*, where it held as a matter of law that the defendant had not acted recklessly. *See id.* at 71. Here, as stated in Sections I.A. and I.B., *supra*, many courts have agreed with Equifax and found, as a matter of law, that the terminology "included in bankruptcy" is neither inaccurate nor misleading. Consequently, there is simply no evidence of any willful, or even negligent, violation sufficient to support Ms. Skanes' claims. Accordingly, the Court should grant summary judgment in favor of Equifax on the willfulness claims.

## **CONCLUSION**

For the reasons stated above, Equifax requests that its Motion be granted.

Respectfully submitted this 26th day of November, 2019.

*/s/ Maris A Skinner*
Maris A Skinner
Arthur F Hoge , III
MEE HOGE PLLP
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118
405-848-9100
Fax: 405-848-9101
Email: mskinner@meehoge.com
Email: afhoge@meehoge.com

Tameika L Montgomery
KING & SPALDING
1180 Peachtree St NE
Atlanta, GA 30309
404-572-4600
Email: tmontgomery@kslaw.com

*Counsel for Defendant Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

This is to certify that I have this 26th day of November, 2019, served a true and correct copy of the foregoing via ECF to the following counsel of record:

Lewis A Berkowitz
Gungoll Jackson Box & Devore-OKC
101 Park Avenue, Suite 1400
Oklahoma City, OK 73102
405-272-4710
Fax: 405-272-5141
Berkowitz@GungollJackson.com
***Counsel for Plaintiff***

Juston R Givens
Phillips Murrah PC-101-OKC
101 N Robinson Ave, 13th Fl
Oklahoma City, OK 73102
405-235-4100
Fax: 405-235-4133
jrgivens@phillipsmurrah.com
***Counsel for Trans Union LLC***

*/s/ Maris A Skinner*